At the present term, the following opinions were delivered.
Hoeeblower, C. J.
If the plaintiff’s right of recovery in this case, depended on the question, whether the writ of possession had been duly executed, he could not succeed, for it is clear that the attempt of sheriff Caldwell to execute that writ, was an entire failure. He did not put the defendants out of possession, nor put the lessor of the plaintiff in.
But on the 22d July 1835, after the sheriff had thus ineffectually executed the writ, Joseph Wilson who was the real defendant in the ejectment, and who defended as the landlord of Stephens, attorned to Washington Rice under whom the now plain *503 tiff claims title, and in writing, admitted himself to hold under him, íbr a stipulated rent. Washington Rice then became seized of the premises in question, and as against Joseph Wilson, and all claiming under him, entitled to the actual possession at the expiration of the term for which he rented the same to Wilson. While Wilson was thus in possession under Rice, that is to say, on the 20th August 1835, Rice conveyed the premises in fee to Smallwood, the lessor of the plaintiff in this action, by which he clearly became entitled to recover against Joseph Wilson, and all claiming under him. But Bilderback and his wife and Moore, the defendants in this suit, do claim under Joseph Wilson. On the 12th of December 1835, the sheriff of Gloucester under and by virtue of an execution against Joseph Wilson, sold and conveyed all his right and title to the premises, to Bilderback, under whom Moore the other defendant is tenant in possession.
Several objections however are set up by the defendant’s counsel. First. It is insisted that the lessor of the plaintiff ought to have produced, or accounted for, the non-production of the bond mentioned in the mortgage from Ward Wilson to Washington Rice, under which mortgage, the lessor of the plaintiff claims title.
In Den v. Steelman, 5 Halst., 204, Chief Justice Ewing held that in an action of ejectment, by a mortgagee it is not necessary for a plaintiff to produce or account for the bond, but however that may be, in this case, Rice the mortgagee, had already recovered in ejectment on his mortgage, and while in possession, by his tenant Joseph Wilson, he conveyed the premises to the present lessor of the plaintiff who therefore claims title as grantee of a man who was in possession when he made the conveyance. It was therefore unnecessary for the plaintiff to produce either the mortgage or the bond. His deed from Rice was sufficient to entitle him to recover against Rice’s tenant, and all persons claiming under him.
Secondly, It is objected that Mrs. Bilderback who was the widow of Ward Wilson the mortgagor, is entitled to dower in the premises, and ought not to be turned out by this action and put to her suit for dower. But this is a mistake. She is not entitled to dower. It appears that after the death of her hus *504 band, Ward Wilson, and before she' married Bilderback, viz: on the first of April 1834, she assigned all her right of dower to Joseph Wilson, against whom a recovery in ejectment was afterwards had by Rice, to whom he then became a tenant. It is true that after this, the sheriff of Gloucester under an execution against Joseph Wilson, sold the premises to her husband Bilderback, but if Bilderback thereby acquired any estate of which she can be endowed, she must wait for it until the death of her husband. I am at a loss however, to see how she can ever have any dower in the premises, even if she survives her husband ; for by their own shewing they conveyed the property by deed dated the 3d of March, 1835, duly acknowledged by her, to James B. Hunt, who on the next day conveyed the same to her; so that if she has any right at all, it is to the premises in fee; and not a mere right of dower. But her title can avail the defendants nothing in this action, since, such as it is, it was derived from Joseph Wilson the tenant of Rice, under whom the lessor of the plaintiff claims.
Lastly, it is insisted that the judge erred, in admitting the plaintiff to read in evidence, the deed from Jane Wilson, now Jane Bilderback, to Joseph Wilson, for her dower, as the widow of Ward Wilson the mortgagor. And the argument is, that the plaintiff must recover upon the strength of his own title- and not on the weakness of his adversary’s. But I do not see the application of this rule to the present case. The plaintiff makes out a prima facie right to recover: the defendants set up a pretence that Jane Bilderback is entitled to dower as the widow of the mortgagor: to'rebut this, the plaintiff shews her own deed, assigning all her right of dower to Joseph Wilson, the very person under whom the defendants now claim, and as against whom and all claiming under him, the plaintiff is entitled in this action to recover.
Upon the whole, I see no reason to disturb the verdict, and think the rule ought to be discharged with costs.
Fobd, J.
On a motion made by the defendent to set aside a verdict obtained by the plaintiff, the case appeared as follows : Ward Wilson being seized in fee of the premises in question, by deed of the 11th of May, 1830, mortgaged them to Washington *505 Rice, to secure the payment of a bond which he gave to'him, of the same date, for five hundred dollars, and shortly afterward died, leaving his widow Jane in possession, who after some time, intermarried with Bilderback, and then he and his wife transferred their possession and her right of dower to Joseph Wilson, by deed of 1st April, 1834, and Wilson placed one Stephens on the premises, as his tenant. The bond in the mean time not being paid, Washington Rice brought an ejectment on the mortgage against Stephens and his landlord Joseph Wilson, wherein he obtained judgment the 19th of May 1835, and in September following, the sheriff gave him possession by virtue of a writ of habere facias possessionem, by an actual entry on the premises, and by there telling Rice’s attorney, that he delivered him possession thereof; but the sheriff did not open the dwelling house, nor know whether it was inhabited or not. Soon after the mortgagee had obtained such possession, Joseph Wilson accepted of a lease under him and became Ids tenant. Washington Rice then, by deed bearing date the 20fch of August 1835, sold and conveyed the premises to Smallwood, the lessor of the plaintiff, who, finding that one Moore had got into possession, commenced the present ejectment against him, with whom Bilderback and wife were admitted to defend as his landlords, they having obtained a re-conveyance to them of her right of dower.
The plaintiff gave in evidence all the foregoing deeds and proceedings, on the trial of the cause, except the bond, which, not being produced, the defendant considered his title under the mortgage, as incomplete, and moved for a non-suit, but it was refused by the court, and the jury found a verdict for the plaintiff, which the defendant moves to set aside on two grounds.
First. That the plaintiff’s title failed by reason of the bond not being shewn ; the mortgage being no more than security for the payment of a certain debt, which the court cannot pre-sume to exist, unless the bond which is the only proper evidence of it, be shown. This objection does not appear to me to be fatal to the plaintiff’s documentary title. But if it was, he would still have a right to recover on his possession, if it was better and prior to that of the defendants’. Now, Bilderback and wife had conveyed their possession to Joseph Wilson, who had surrendered the same to Washington Rice, by taking a lease as ten *506 ant under him, and Washington Rice had conveyed and delivered the same to the lessor of the plaintiff, Smallwood, who held and united all their possessions peaceably in himself. It is said that the sheriff did not deliver the premises legally to Rice, for that Joseph Wilson might have been in the house, which the sheriff did not enter; but the sheriff testified that he put Rice in possession, and there was no evidence to the contrary. It is no more than a supposition, that Joseph Wilson was then in the house; and if true, it only strengthens the case; seeing he afterward surrendered his possession to Rice, and came in as his tenant.— So that all their possessions had been voluntarily, yielded up to Rice, and concentrated in the lessor of the plaintiff; I see, therefore no ground on which his prior and better possession can be controverted, unless it be
Secondly, That the dower-right entitled Bilderback and wife, ■by law, to hold the premises until dower should be assigned to her. The case of Den v. Dodd, that a widow, remaining in possession from her husband’s death, shall have her quarantine continued until dower is assigned to her, and cannot be dispossessed by ejectment, till that is done, either at the suit of the heir or any other person claiming under the husband subsequent to the marriage, was founded on the common law, and two years afterward, the same principle, was enacted by statute (Rev. Laws, 397, Sec. 21,) that until dower be assigned to the widow, it shall be lawful for her to remain in the mansion house and plantation, without rent; but neither of them compels her to remain ; she may give up the possession voluntarily, and go when, and where, she pleases; it being a personal privilege to herself; and if once she moves out voluntarily and depart, it is gone forever under the statute, and her dower is reduced to a naked right, only to be recovered by an action at law. If she sells her right of dower, as was done in this case to Joseph Wilson, and voluntarily gives up the possession, the statute gives her no right of entry afterward on a stranger in peaceable possession; so that her subsequent entry into Smallwood’s rightful possession, was unlawful, and exposed her to be turned out by ejectment.— She has no right of entry till she obtains it by means of a writ of dower. Therefore this verdict, in my opinion, ought not to be disturbed, and the rule to shew cause must be discharged.
*507 Dayton, J., concurred. White, J., gave no opinion, having been counsel in the cause.
Rule discharged.